# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MISTY TILGHMAN, an Individual,     )
     )
     Plaintiff,     )
     )
vs.     )     NO. CIV-13-73-D
     )
RON KIRBY, as a County Commissioner     )
  and individual, and     )
  the COMANCHE COUNTY     )
  COMMISSIONERS,     )
     )
     Defendants.     )

## ORDER

Before the Court is the motion of Defendant Ron Kirby [Doc. No. 9], seeking partial dismissal of the claims asserted against him in his individual capacity.[1] Plaintiff timely responded to the motion. Defendant sought leave to supplement his motion by submitting, as additional authority, a recent order filed by the Honorable Tim Leonard in *Barker v. Gossen and Comanche County Facilities Authority,* Case No. CIV-13-182-L. The Court granted that request and advised the parties it would include that decision in its consideration of the parties' legal authorities.

I. Background:

Plaintiff Misty Tilghman ("Tilghman"), an employee[2] of Defendant Comanche County Commissioners ("Commissioners"), asserts a 42 U.S.C. § 1983 claim for violation of her civil rights and a 42 U.S.C. § 1985(3) claim alleging a conspiracy to violate her civil rights. She also asserts

---

[1]Although Defendant Kirby was initially named as a defendant in both his individual capacity and in his official capacity as a County Commissioner of Comanche County, Oklahoma, the claims against him in his official capacity were dismissed without prejudice pursuant to a Stipulation of Dismissal [Doc. No. 29] filed herein on October 23, 2013.

[2]The Amended Complaint [Doc. No. 4] is unclear with regard to Tilghman's employment status. Although she alleges at Paragraph 43 that she is employed and is currently on disability leave, the relief she seeks includes a claim for back pay, suggesting she is no longer employed. Because her employment status does not impact the parties' arguments, the Court need not attempt to determine that status at this time.

a pendent state claim alleging a violation of the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101, *et seq.* ("OADA"), and a pendent tort claim based on intentional infliction of emotional distress, asserted against the County Commissioners and Kirby under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 152.1, *et seq.* ("GTCA").   All claims are based on Tilghman's contention that Defendant Ron Kirby ("Kirby"), a former Commissioner of Comanche County[3], subjected her to sexual harassment in the workplace and created a hostile work environment based on her gender.

Pursuant to Fed. R. Civ. P. 12(b)(6)[4], Kirby seeks dismissal of Tilghman's OADA claim, §1985(3) conspiracy claim, and intentional infliction of emotional distress claim, arguing the Amended Complaint fails to allege sufficient facts to state a plausible claim for relief against him in his individual capacity as to any of these claims.   Alternatively, he contends that the allegations show at least part of the intentional infliction of emotional distress claim is barred by the applicable limitations period.   In her response to the motion, Tilghman expressly states that the OADA claim is not directed at Kirby.   Accordingly, the Court deems the motion moot as to that claim and will address only the arguments regarding the §1985(3) conspiracy claim and the intentional infliction of emotional distress claim.   II. Standard governing Rule 12(b)(6):

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is

[3]According to the parties, Kirby served as an elected County Commissioner from January of 2005 until his resignation on February 13, 2012.  Joint Status Report and Discovery Plan [Doc. No. 32] at p. 2.

[4]Kirby's motion indicates that dismissal is also sought pursuant to Fed.R.Civ.P. 12(b)(1), which authorizes dismissal for lack of subject matter jurisdiction.  However, Kirby's brief in support of his motion contains no argument asserting an absence of subject matter jurisdiction.

plausible on its face.'" *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation marks omitted). "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

III. Application:

    A.  § 1985(3) conspiracy claim:

"The essential elements of a 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *D'Addabbo v. United States,* 316 F. App'x 722, 727 (10th Cir. 2008) (unpublished) (citing *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.1993) (citation omitted)). "Section 1985(3) does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id*. (quoting *Tilton*, 6 F.3d at 686).  The existence of a conspiracy is "an essential element of a claim under section 1985(3)," and a plaintiff must allege facts to show "a meeting of the minds among various defendants to violate his constitutional rights."

*Callins v. Board of County Comm'rs,* 1991 WL 50538, at *4 (10th Cir. 1991) (unpublished) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). "A conspiracy is characterized by communication between the parties and an eventual 'meeting of the minds' in order to commit an unlawful act." *Merswin v. Williams Companies, Inc.*, 2009 WL 1650373, at *6 (N.D. Okla. June 10, 2009) (unpublished) (quoting *Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1231 (10th Cir. 1990)).

The plausibility requirements of *Twombly* are considered especially important when applied to a conspiracy claim. "The *Twombly* Court was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly,* 550 U.S. at 565 n. 10). A "conclusory allegation of agreement at some unidentified point" is not sufficient to state a claim for relief based on a conspiracy. *Twombly*, 550 U.S. at 556–57.

The Amended Complaint in this case contains no well-pleaded facts to support a plausible claim that the defendants engaged in a § 1985(3) conspiracy. Although the Amended Complaint contains a citation to § 1985(3), it fails to allege any facts to support the existence of a conspiracy, and instead is directed only at the alleged conduct of Kirby. Tilghman's response brief suggests that it is enough to allege that other Commissioners had knowledge of Kirby's alleged conduct toward her, that a hostile work environment was "created by Defendants and their agents and employees," and that Commissioner Gail Turner retaliated against Tilghman after she filed a GTCA claim. Response at p. 11. These allegations are clearly inadequate to plead the essential elements of a § 1985(3) conspiracy. A plaintiff must plead facts amounting to more than "parallel conduct and a bare assertion of conspiracy .... Without more, parallel conduct does not suggest conspiracy,

4

and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556–57. "The factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir.2011) (citing *Twombly*, 550 U.S. at 557).

The Amended Complaint clearly fails to state a plausible claim for § 1985(3) relief.  *See* July 18, 2013 Order [Doc. No. 18], *Barker v. Gossen, et al.*, Case No. CIV-13-182-L.   The motion to dismiss must be granted.

### B.  Intentional infliction of emotional distress:

With respect to the claim alleging intentional infliction of emotional distress, Kirby raises three arguments in support of dismissal: 1) he cannot be sued for tortious conduct in his individual capacity under the GTCA; 2) an intentional infliction of emotional distress claim cannot be based upon the same set of underlying facts supporting a workplace harassment claim; and 3) the statute of limitations has expired on part of the conduct on which the claim is based.

The Amended Complaint alleges that Tilghman filed a notice with Comanche County of a tort claim, as required by the GTCA.   Amended Complaint at ¶ 18. Although the Amended Complaint does not identify the tortious conduct described in the notice, Tilghman and Kirby apparently agree that it was based on Kirby's alleged acts of sexual harassment toward her when he held the office of County Commissioner.   Kirby argues that, as a County Commissioner, he was an employee and cannot be liable for conduct within the scope of his employment.

As Kirby argues, the GTCA definition of an employee includes an elected official.  Okla. Stat. tit. 51, § 152(7)(a)(1).  He also correctly argues that the GTCA extends immunity for tortious conduct committed by "employees acting within the scope of their employment."  *Id.* at § 152.1(A).

He concludes that, because the alleged conduct on which Tilghman's claim is based occurred while he was an employee of Comanche County, she cannot state a claim for relief against him under the GTCA.

Tilghman responds by arguing that, under the GTCA, "the scope of employment" is defined as "performance by an employee acting in good faith within the duties" of his position.  Okla. Stat. tit. 51, § 152(12).  She argues that Kirby's sexually harassing conduct, which allegedly caused her emotional distress, cannot have been taken in good faith and thus could not have been within the scope of his employment.

Under the GTCA, "any malicious or bad faith act by an employee falls outside the scope of employment."  *Harmon v. Cradduck*, 286 P.3d 643, 650 n. 20 (Okla. 2012) (citing *Nail v. City of Henryetta*, 911 P.2d 914, 916 (Okla. 1996) (internal citations omitted)).  "Acts performed with reckless disregard for an individual's rights also lack good faith and are outside the scope of employment under the provisions of the GTCA."  *White v. City of Del City*, 270 P.3d 205, 214 (Okla. Civ. App. 2011) (citing *Fehring v. State Ins. Fund*, 19 P.3d 276, 285 (Okla. 2001)).

"Generally, the determination of whether an employee was acting within the scope of employment is a question of fact 'except in cases where only one reasonable conclusion can be drawn from the facts.'"  *Bryson v. Oklahoma County*, 261 P.3d 627, 632 (Okla. Civ. App. 2011) (quoting *Nail*, 911 P.2d at 918).  Accordingly, while this issue may be adjudicated upon consideration of a summary judgment motion, it cannot properly be determined in a motion to dismiss.  Accordingly, dismissal for failure to state a plausible claim for relief is not warranted on this basis.

Kirby next argues the intentional infliction of emotional distress claim must be dismissed

because such claims cannot be based on the same factual contentions that underlie a claim of workplace harassment.  In support of his argument, Kirby cites *Daniels v. C.L. Frates & Co.*, 641 F.Supp.2d 1214 (W.D. Okla. 2009), in which the Court stated,  "Oklahoma courts, however, have routinely held that workplace harassment claims do not rise to the level of outrageous conduct necessary to support a claim of intentional infliction of emotional distress." *Daniels*, 641 F.Supp. 2d at 1218.  Kirby appears to interpret this quoted statement as establishing a rule that a workplace harassment claim cannot, as a matter of law, be factually sufficient to constitute extreme emotional distress.

The Court disagrees.  *Daniels* did not establish a rule applicable in all cases, but discussed other decisions addressing facts similar to those presented to it in a motion for summary judgment on an intentional infliction of emotional distress claim. *Id.* at 1218.  It found the evidence supporting the claim inadequate to withstand summary judgment.  Although intentional infliction of emotional distress claims seldom succeed in the context of workplace harassment,  neither *Daniels* nor other decisions hold that a plausible claim for relief cannot be stated as a matter of law.   To the extent Kirby's motion to dismiss this claim is based on that contention, it is denied.  Its denial does not, of course, preclude Kirby from asserting an appropriate dispositive motion argument on this basis.

Kirby next argues that some of the contentions underlying the intentional infliction of emotional distress claim are barred by the two-year statute of limitations governing this tort claim. Tilghman contends that the issue of limitations is not properly asserted in a motion to dismiss. Alternatively, she contends that the Amended Complaint sufficiently pleads dates showing conduct within the limitations period, and it is sufficient to show the conduct was ongoing.

Oklahoma's intentional infliction of emotional distress tort is governed by a two-year statute

of limitations. *Miller v. Miller*, 956 P.2d 887, 896 n. 15 (Okla. 1998) (citing Okla. Stat. tit. 12, § 95(3)). Accordingly, a plaintiff may seek relief only for conduct occurring no more than two years prior to the date on which the lawsuit was filed. This action was filed on January 23, 2013. Accordingly, conduct occurring more than two years prior to that date is barred by limitations.

Contrary to Tilghman's argument, a contention that a claim is barred by limitations may properly be considered in a Rule 12(b)(6) motion. "Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss where the 'dates given in the complaint make clear that the right sued upon has been extinguished.'" *Solomon v. HSBC Mortgage Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010) (unpublished opinion) (quoting *Aldrich v. McCulloch Properties, Inc.*, 627 F. 2d 1036, 1041 n. 4 (10th Cir. 1980)).

As with other allegations, the Amended Complaint in this case is unclear with regard to the dates or even the general time period in which the tortious conduct allegedly occurred. The allegations certainly can be construed, as Kirby suggests, as including conduct occurring more than two years prior to the filing of this lawsuit. The Amended Complaint states that Tilghman was employed by the Commissioners on December 23, 2008. It then recites a litany of allegations regarding Kirby, including some specific occurrences, but does not identify any dates of these occurrences. In fact, the only date mentioned involves her sexual harassment claim, as she alleges that the "last instances of sexual harassment and discrimination occurred the week prior to February 13, 2012." Amended Complaint at ¶ 17. The Amended Complaint also fails to allege facts to show when Tilghman began experiencing the emotional distress on which her claim is based. Although it states that she "sought treatment with a psychologist," there are no dates identifying the commencement or duration of the treatment. Amended Complaint at ¶48.

8

It appears to the Court that some of the incidents on which this claim is based occurred outside the limitations period and cannot form the basis for recovery on the tort claim.[5] Accordingly, any recovery will be so limited.  At this stage of the litigation, the Court cannot identify with certainty the precise scope of potential recovery, and the motion to dismiss must be denied in this regard.   If discovery establishes evidence warranting the pursuit of this contention, Kirby may assert the argument in a dispositive motion at the proper time.

While the Court remains concerned about the deficiencies in the Amended Complaint, it must conclude that dismissal of the intentional infliction of emotional distress claim is not warranted, and the motion to dismiss that claim is denied.

IV. Leave to amend:

Having granted the motion to dismiss the § 1985(3) claim, the Court must determine whether Tilghman should be granted leave to again amend to cure the deficiencies as to this claim.  She has expressly requested leave to amend if the Court finds deficiencies in her pleading.

"'[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and  *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)).  Accordingly, a district court must justify its denial of leave  to amend with reasons such as futility of the amendment or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996).

---

[5]Tilghman argues that she can recover for a continuing pattern of intentional infliction of emotional distress without regard to the limitations period. She cites no Oklahoma authority for this argument, and relies on decisions from Idaho, New York, and Illinois.  If Tilghman intends to proceed on this theory, she will be required to support it with relevant authority at the appropriate time.

Leave to amend is properly denied on futility grounds where it is apparent that the proposed claim for relief is subject to summary judgment. "'A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.'" *Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 221 (10th Cir. 2009) (unpublished) (quoting *E.SPIRE Communications, Inc. v. New Mexico Public Regulation Comm'n*, 392 F. 3d 1204, 1211 (10th Cir. 2004)).

While the Court has reservations about the viability of Tilghman's § 1985(3) conspiracy claim, it cannot state with certainty that the claim will not survive a second motion to dismiss or a summary judgment motion. Accordingly, if Tilghman has a good faith belief, under the applicable law, that she can plead facts sufficient to state a plausible claim for relief, she may amend to cure the noted deficiencies in the Amended Complaint.

V. <u>Conclusion:</u>

For the foregoing reasons, the motion for partial dismissal [Doc. No. 9] is GRANTED in part and DENIED in part. Plaintiff Tilghman is granted leave to amend the Amended Complaint. Plaintiff's Second Amended Complaint shall be filed no later than 21 days from the date of this Order.

IT IS SO ORDERED this 19th day of November, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE