# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MISTY TILGHAM, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-73-D |
| | ) | |
| RON KIRBY, as a County Commissioner and Individually, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant Comanche County Commissioners' Motion to Compel Discovery and Brief in Support [Doc. No. 104]. Plaintiff has responded [Doc. No. 121] and Defendant has replied [Doc. No. 131].

Plaintiff brings this action alleging violations of her rights under state and federal law resulting from alleged sexual harassment to which she was subjected during her employment at the Comanche County Commissioner's Office. During the course of discovery in this matter, information indicating that Plaintiff gambles extensively has been discovered. Defendant contends this information is relevant and seeks production of documents related thereto.

Defendant moves to compel Plaintiff to respond to its Request for Production of Documents. *See* Defendant's Motion, Exhibit 1. There are six production requests at issue and each cover a separate year from 2009 through 2014. Otherwise, the production requests are identical. The production requests seek any and all documents which support or show Plaintiff's gambling winnings or losses for the respective year, including "any diary, receipts, notes, ledger, log, book, notebook, journal, W-2G, or record of any kind."

Defendant states it is entitled to production of the requested documents as such information may be relevant to Plaintiff's claim for damages resulting from emotional distress she suffered as a result of the alleged sexual harassment. Defendant contends evidence related to Plaintiff's gambling activities is relevant to establish that Plaintiff's emotional distress may be due to her gambling and not, as Plaintiff contends, the alleged sexual harassment she was subjected to in the workplace. In addition, Defendant states the requested documents are relevant to the issue of mitigation of damages.

Before responding to Defendant's Motion to Compel, Plaintiff filed a stipulation of dismissal [Doc. No. 117] as to her state law claim for intentional infliction of emotional dismiss. Plaintiff then filed her response to Defendant's Motion to Compel, objecting to the requested production, in part, based on the dismissal of that claim. In addition, Plaintiff contends no evidence supports Defendant's allegation that she is a compulsive gambler and that Defendant has not identified an expert to testify about whether she suffers from a gambling addiction. Therefore, Plaintiff contends the evidence is not relevant. As to the temporal scope of the documents requested, Plaintiff contends she was still working during the time period 2009 through 2011 and, therefore, the documents sought during that time period are not relevant.

In its Reply, Defendant points out that despite Plaintiff's dismissal of her claim for intentional infliction of emotional distress, she has not dismissed her claim for damages based on emotional distress, as evidenced throughout the allegations of the Second Amended Complaint [Doc. No. 4], including her Prayer for Relief which seeks, *inter alia*, "mental anguish damages." Defendant concedes it does not intend to call an expert witness nor does it intend to establish, as a medical matter, whether Plaintiff has a gambling addiction. Instead, Defendant states it intends to

establish, through Plaintiff's own testimony, that her gambling may have contributed to her emotional suffering. Because Plaintiff's claim for damages includes the time period 2009-2011, Defendant contends documents requested during that time period are relevant.

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery and allows for discovery of any information that is "relevant to any party's claim or defense[.]" In addition, Rule 26(b) provides that "[r]elevant information need not be admissible at trial if the discovery appears "reasonably calculated to lead to the discovery of admissible evidence."

It is well-established in the context of claims arising from unlawful employment practices that a plaintiff seeking to recover damages for emotional distress opens the door to evidence of other probable causes of her distress. The Tenth Circuit has, for example, deemed admissible evidence of a Title VII plaintiff's stay in a psychiatric hospital, her filing for bankruptcy and her divorce proceedings. *York v. American Tel. & Tel. Co.*, 95 F.3d 948 (10th Cir.1996). As the Tenth Circuit explained:

> In this case, the district court did not abuse its discretion by admitting the evidence. York sought damages for emotional distress allegedly suffered as a result of not obtaining the positions that she sought. She contended that she had become emotionally strained and had lost her self-esteem and enjoyment of life. The defendants maintained that much, if not all, of York's emotional distress was rooted in her past, stemming from events that occurred well before her unsuccessful bid for the Operating Engineer position in 1992. In particular, they note that her hospitalization in a psychiatric facility in 1988 was necessitated by various sources of stress in her life. Because York chose to raise a claim of emotional distress, it was entirely appropriate for the court to allow the defendants to introduce evidence of alternate or multiple causes of such distress. The jury must be permitted to consider such relevant evidence of causation where damages are claimed for emotional distress. Moreover, it would be inequitable to allow the plaintiff to introduce selected evidence on the matter but to disallow the defendants to present evidence supporting their theories of causation. For these reasons, the district court did not abuse its discretion in denying York's motions in limine regarding the evidence of alternate causes of emotional distress.

*Id*. at 957–58 (citation omitted).

Here, the Court is not addressing the admissibility of the evidence sought by the requested document production, but only whether it is subject to discovery. The Court finds the information requested by Defendant is relevant to Plaintiff's claim for emotional distress damages and the temporal period governing the request is not overly broad. *Compare Mehus v. Emporia State University*, 326 F. Supp.2d 1213, 1220 (D. Kan. 2004) (finding evidence of plaintiff's gambling losses relevant to claim for damages for emotional distress in case brought by female coach alleging violations of the Equal Pay Act); *see also Raymond v. Ameritech Corp.*, No. 03 C 4509, 2004 WL 1381134 (N.D. Ill, May 7, 2004) (unpublished op.) (in employment discrimination suit, evidence of gambling debts incurred by plaintiff and her husband for three years prior and one year after layoff was subject to discovery as relevant to whether the gambling caused or exacerbated emotional distress).

Plaintiff's objections speak largely, if not exclusively, to the admissibility of the information sought by Defendant rather than its discoverability. Moreover, Plaintiff cites no authority to support her contention that the discoverability of the requested documents is conditioned on the presentation of expert testimony regarding her purported gambling addiction. *Compare Sims v. Unified Govt. of Wyandotte County / Kansas City, Kansas*, No. CIV. A. 99-2406-JWL, 2001 WL 1155302 at * 3) (D. Kan. May 1, 2001) (unpublished op.) (plaintiff placed her mental and emotional state at issue by claiming damages for emotional distress and mental anguish; fact that plaintiff did not plan to call expert as to her mental health did not make discoverability of information about her health care providers any less relevant). Plaintiff can raise objections to the admissibility of the information obtained from the requested document production by filing a motion in limine, as may be

4

appropriate. At this time, the Court expresses no opinion as to the issue of the admissibility of the evidence obtained through the requested document production.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel [Doc. No. 104] is GRANTED. Plaintiff is directed to produce the subject documents within twenty-one (21) days of the date of this Order.

IT IS SO ORDERED this 17th day of December, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE