# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MISTY TILGHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-13-73-D |
| | ) |
| RON KIRBY, individually, | ) |
| and COMANCHE COUNTY | ) |
| COMMISSIONERS, | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

On October 20, 2015, the Court directed Plaintiff and Defendant Comanche County Commissioners to file supplemental briefing addressing the viability, if any, of Plaintiff's allegations of retaliation and that she was denied opportunities to apply for other positions within the County Commissioners' office [Doc. No. 156]. Upon review of the parties' supplemental briefs [Doc. No. 157-158], Defendants' Motions for Partial Reconsideration [Doc. Nos. 147 and 150], and the original summary judgment briefs, the Court agrees with Defendant Commissioners that Plaintiff has presented insufficient evidence to support a claim of retaliation and her allegations concerning a failure to post job openings do not constitute a viable cause of action under the Oklahoma Anti-Discrimination Act ("OADA").

To state a prima facie case of retaliation, Plaintiff was required to show: (1) she engaged in protected opposition to discrimination; (2) she suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between her opposition and the employer's adverse action. *Zisumbo v. Ogden Regional Med. Ctr.*, 801 F.3d 1185, 1199 (10th Cir. 2015); *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1215 (10th Cir. 2010). In this regard:

> In approaching the question whether any actions the County took against [Plaintiff] were materially adverse, [the Court is] obliged to bear in mind that Title VII [and thus, the OADA] protects individuals not from all retaliation but only from retaliation that produces an injury or harm that itself rises to a level of seriousness. . . . To qualify under this standard . . . a plaintiff must show a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. . . . . Requiring this level of adversity . . . is necessary to separate significant from trivial harms, . . . petty slights, minor annoyances, and simple lack of good manners . . . . Otherwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.

*Id*. at 1216 (citations and internal quotation marks omitted). Viewing the evidence in the light most favorable to Plaintiff, the Court finds, under the facts presented, a rational juror could not conclude that Plaintiff suffered actionable retaliation.

The record shows that during her time in the Commissioners' office, Plaintiff either missed or was late to work. Plaintiff's tardiness led to Commissioner Gail

2

Turner speaking to her about her job performance and reprimanding her on at least two occasions. After their last conversation, Plaintiff went to lunch and never returned, which ultimately led to her taking medical leave. Nothing in the aforementioned events could have led a reasonable employee in Plaintiff's position to believe Turner's actions were "materially adverse" in that it might have dissuaded them from making a charge of discrimination. Of particular note, Plaintiff was not terminated, demoted, or otherwise disciplined for her complaints against Defendant Ron Kirby. At most, Plaintiff's complaints are of the "trivial harm" and "minor annoyance" variety the Tenth Circuit and other courts have deemed immaterial for stating a case of retaliation. Therefore, summary judgment should be granted in favor of Defendant on Plaintiff's claim of retaliation.

As to Plaintiff's allegation that she was denied other employment opportunities due to the Commissioners' failure to post job openings, the Court finds such a claim is not a cognizable cause of action under the OADA. The OADA prohibits, *inter alia*, discrimination in the workplace. 25 OKLA. STAT. § 1302(A). Based on its review of the record and the parties' submissions, nothing in the Commissioners' challenged conduct, even when viewed favorably to Plaintiff, supports a finding such "failure to post" was either discriminatory or constituted an adverse, tangible employment action directed toward Plaintiff. At most, Plaintiff contends the Commissioners violated

their own internal policies and procedures in failing to post the opening; however, such conduct does not support a cause of action under the OADA. And, at this late stage, it is too late for Plaintiff to assert any different claim.

Accordingly, Defendants' Motions for Partial Reconsideration [Doc. Nos. 147 and 150] are **GRANTED**; Defendant Commissioners' Unopposed Motion to Strike October 7, Deadline [Doc. No. 148] is **STRICKEN** as moot; Plaintiff's Motion to Certify Pursuant to Rule 54(b) is **DENIED**; and Defendant Commissioners' Motion for Leave to File Response to Plaintiff's Supplemental Brief [Doc. No. 159] is **DENIED** as moot. A Judgment shall be entered forthwith.

IT IS SO ORDERED this 9th day of December, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE