IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MISTY TILGHMAN, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-13-73-D
 )
RON KIRBY, et al., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Pending before the Court are: (1) Plaintiff's Motion to Review Taxation of Comanche County Commissioner's Bill of Costs and Brief in Support [Doc. No. 178]; and (2) Plaintiff's Motion to Review Taxation of Ron Kirby's Bill of Costs and Brief in Support [Doc. No. 179]. The matters are fully briefed and have been referred for "appropriate action" pursuant to 28 U.S.C. § 636(b)(3) by United States District Judge Timothy D. DeGiusti. For the reasons set forth below, it is recommended that Plaintiff's Motions be denied.[1]

**I.    Background**

The record shows that the Clerk of Court awarded costs to Defendant Kirby in the amount of $415.42. *See* Bill of Costs [Doc. No. 176]. The record further shows that the Clerk of Court awarded costs to Defendant Comanche County Commissioners (Defendant Commissioners) in the amount of $7,556.12. *See* Bill of Costs [Doc. No. 177].

Plaintiff asks this Court to deny the award of costs to both Defendant Kirby and Defendant Commissioners, relying on her limited financial resources, the purported economic disparity among the parties, the chilling effect an award of costs might have on future civil rights

---

[1] "Á Magistrate Judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005).

litigants and the fact that, though unsuccessful, her claims "had merit." *See* Plaintiff's Motions [Doc. No. 178] at p. 5 and [Doc. No. 179] at p. 5.[2] Plaintiff further requests that the Court stay execution of any award of costs pending the outcome of her appeal of the District Court's entry of judgment in favor of Defendants.

In response, Defendants each contend that Plaintiff has not demonstrated sufficient grounds for denying costs. Defendants further oppose Plaintiff's request to stay execution of any award of costs pending the outcome of her merits appeal.

## II. Discussion

### A. Award of Costs

Federal Rule of Civil Procedure 54(d) authorizes an award of costs to a prevailing party. The Rule states: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Whether to award costs is committed to the court's discretion subject to Rule 54(d)'s "presumption that the prevailing party shall recover costs." *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995). Plaintiff, as the party opposing the award of costs, bears the burden of overcoming the presumption in favor of such an award. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). Moreover, a denial of costs is "in the nature of a severe penalty" and, therefore, "there must be some apparent reason to penalize the prevailing party if costs are denied." *Klein*, 44 F.3d at 1507.

The Tenth Circuit has rejected Plaintiff's "chilling effect" and "economic disparity" arguments as grounds for denying an award of costs noting that "relying on the parties' comparative economic power would almost always favor an individual plaintiff over the

---

[2] Plaintiff does not argue that any costs were improperly assessed by the Clerk of Court under 28 U.S.C. § 1920.

employer defendant" and the "plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths." *Johnson v. Oklahoma ex rel. University of Oklahoma Bd. of Regents*, Nos. 99-6322, 99-6427, 2000 WL 1114194 at *3 (10th Cir. Aug. 7, 2000) (unpublished op.) (citation and alterations omitted). The Court finds the reasoning of *Johnson* persuasive and that any chilling effect or economic disparity related to an award of costs does not justify the denial of costs in this action.

The Court further finds that Plaintiff's claim of indigency does not rebut the presumption in favor of awarding costs. Indeed, even if the non-prevailing party is indigent, a district court does not abuse its discretion in awarding costs when there is no apparent reason to penalize the prevailing party. *See Rodriguez*, 360 F.3d at 1190; *see also Sandle v. Principi*, 201 F. App'x 579, 583 (10th Cir. 2006); *Lucero v. Bureau of Collection Recovery, Inc.*, No. CIV-09-0532 JB/WDS, 2012 WL 3861986 at *4 (D. N.M. Aug. 30, 2012) (unpublished op.).

Plaintiff has failed to demonstrate why Defendants should be penalized, other than to rely on the conduct which forms the basis for the claims brought in this litigation.[3] But Defendants have prevailed as to those claims. And Plaintiff does not cite any improper conduct by Defendants during the course of this litigation such as dilatory or obstructive actions or oppressive discovery requests. *See Cantrell v. Int'l Bros. of Elec. Workers, AFL-CIO, Local*

---

[3] With respect to Defendant Kirby, Plaintiff relies on language in the District Court's summary judgment order stating that the ruling was "not intended to justify Kirby's behavior or minimize what Tilghman asserts was offensive; Kirby's actions were certainly in poor taste and inappropriate." *See* Order [Doc. No. 144] at 11-12; *see also id*. at p. 15 (the Court's "determination that Tilghman cannot maintain a sexual harassment hostile work environment claim based on the present factual record is not to be interpreted that this was at all an ideal or professional work environment. Clearly, Kirby's actions were at times rude, inappropriate, and unprofessional."). But the Tenth Circuit has made clear that a "district court may not deny costs on the ground that the district court personally disapproves of the conduct upon which the plaintiff's unsuccessful claim was based." *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000).

*2021*, 69 F.3d 456, 459 (10th Cir. 1995) (identifying conduct that would merit a penalty to include "obstructive conduct, "act[ing] in bad faith during the course of the litigation," or seeking costs that are "unreasonably high"); *see also Zeran*, 203 F.3d at 722 (conduct relevant to penalty inquiry is that which occurs in the actual course of litigation; "extra-judicial conduct . . . should play no part in the district court's decision whether to override the presumption that the prevailing party receives costs").

Moreover, Plaintiff has not supported her claim of indigency with any affidavit or other evidentiary support. Plaintiff simply alleges that Defendants are "aware" that she is "currently receiving social security disability payments and is not employed." *See* Plaintiff's Briefs, [Doc. No. 178] at p. 5 and [Doc. No. 179] at pp. 4-5. Plaintiff's lack of sufficient documentation further weighs against the Court exercising its discretion to disallow costs. *Compare Wilkins v. Kmart Corp.*, No. 05-4074-SAC, 2009 WL 331620 at *2 (D. Kan. Feb. 10, 2009) (unpublished op.) ("The party opposing costs must come forward with sufficient documentation for the court to find that the party is incapable of paying the court-imposed costs at this time or in the future.") (internal quotations marks and citation omitted).

Finally, Plaintiff has not advanced other reasons for denying the award of costs to Defendants, nor has Plaintiff shown that other factors the Tenth Circuit has considered are present in this action. *See Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 659-60 (10th Cir. 2013) (addressing additional factors including: the prevailing party is only partially successful; damages are only nominal; costs are unreasonably high or unnecessary; or the issues are close and difficult); *see also Dyer v. Unified Sch. Dist. No. 500*, 63 F. Supp.3d 1326, 1329-1330 (D. Kan. 2014) (finding award of costs against plaintiff in race discrimination case in the amount of $4,267.10 "relatively modest for modern civil litigation" and that plaintiff's indigency

4

and unemployment did not constitute grounds for denying or reducing award of costs where "the issues were not close or difficult, and the plaintiff did not succeed on any of her claims"). Accordingly, Plaintiff's request that the Court set aside the costs assessed in favor of Defendant Kirby and Defendant Commissioners should be denied.[4]

B. **Stay of Execution**

Plaintiff requests a stay of execution in wholly conclusory fashion stating only that "execution on such costs should be stayed pending resolution of Plaintiff's appeal." *See* Motions, [Doc. No. 178] at p. 6 and [Doc. No. 179] at p. 6. Defendants oppose a stay contending that the fact an appeal has been filed, without more, is insufficient grounds to warrant entry of a stay. Defendants contend that the prompt resolution of any dispute over costs is favorable as it would allow appellate review of such a dispute to proceed at the same time as appellate review of the merits of the case. *See* Defendant Commissioners' Response [Doc. No. 180] at pp. 4-5; Defendant Kirby's Response [Doc. No. 181] at p. 6.

Whether to grant a stay of execution of an award of costs is a matter within the court's discretion. *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). Here, Plaintiff has requested a stay in wholly conclusory fashion. Moreover, Plaintiff has failed to address the requirements of Fed. R. Civ. P. 62(d) addressing the posting of a supersedeas bond. *See Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 669-70 (M.D. Ala. 1999) (denying the plaintiffs' request for a stay of execution on the taxation of costs pending appeal where no

---

[4] In Plaintiff's Motions, she asks that the Court deny an award of costs. In her Replies [Doc. Nos. 182, 183], Plaintiff asks for the first time, as alternative relief, that the Court "at least reduc[e]" costs. *See* Replies [Doc. No. 182] at p. 2; and [Doc. No. 183] at p. 2. Plaintiff fails to support this request with any authority or otherwise address the method for or amount of any such reduction. Because the issue is raised in such conclusory fashion and not until the filing of Plaintiff's reply briefs, the Court deems the issue of reduction of costs waived. *See generally Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("[A] party waives issues and arguments raised for the first time in a reply brief.").

supersedeas bond was posted, or alternative to bond warranted, because the plaintiffs failed to provide "any evidence that they will be better able to pay costs in the future"); *see also Miller v. Kastelic*, No. 12-cv-02677-CMA-MEH, 2015 WL 506953 at *2 (D. Colo. Feb. 5, 2015) (unpublished op.) (denying without prejudice the plaintiff's request that any award of costs be stayed pending appeal based on the plaintiff's indigency where the plaintiff "filed no supersedeas bond pursuant to Fed. R. Civ. P. 62(d)"); *Martinez v. Angel Expl., LLC*, No. CIV-13-0352-F, 2014 WL 11352889 at *2 (W.D. Okla. Oct. 1, 2014) (unpublished op.) (finding that the plaintiffs were not entitled to stay of enforcement of judgment involving bill of costs where court had not approved any supersedeas bond by plaintiffs or waived the requirement).

Additionally, as urged by Defendants, the interests of judicial economy support denying a stay. *See, e.g.*, *Holley v. Giles Cty., Tenn.*, No. 1:03-0071, 2005 WL 2230081 at *2 (M.D. Tenn. Sept. 12, 2005) (unpublished op.) (denying stay of imposition of taxation of costs pending appeal on grounds of judicial economy noting that "with prompt taxation, any appeal from the award of costs could feasibly be consolidated with the pending appeal on the merits, thereby enhancing judicial efficiency") (internal quotation marks and citation omitted). It is therefore recommended that Plaintiff's request for a stay be denied.

## **RECOMMENDATION**

It is recommended that Plaintiff's Motion to Review Taxation of Comanche County Commissioner's Bill of Costs and Brief in Support [Doc. No. 178]; and (2) Plaintiff's Motion to Review Taxation of Ron Kirby's Bill of Costs and Brief in Support [Doc. No. 179] be denied. It is further recommended that Plaintiff's request for a stay of execution on the award of costs be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by July 12, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this 21st day of June, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE