# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MISTY TILGHMAN, )
)
       Plaintiff, )
)
v. ) Case No. CIV-13-73-D
)
RON KIRBY, et al., )
)
       Defendants. )

## ORDER

Before the Court is Plaintiff Misty Tilghman's (Tilghman) objection to the Magistrate Judge's Report and Recommendation (R&R) [Doc. No. 186], which recommended denial of her motions to review the taxation of Defendants' respective bill of costs. Upon de novo review of the record, the Court affirms and adopts the R&R in its entirety.

## BACKGROUND

Tilghman brought the present action, alleging she was sexually harassed by her supervisor, Defendant Ron Kirby (Kirby) while she was employed in the Comanche County Commissioners' office (the Commissioners). The Court granted Defendants' motions for summary judgment, finding, *inter alia*, that under the uncontroverted facts, a rational juror would not conclude that Tilghman's workplace was permeated with discriminatory intimidation, ridicule, and insult so as to constitute a hostile work environment [Doc. Nos. 144, 160]. Pursuant to Rule

54(d), the Clerk of Court awarded costs to Kirby in the amount of $415.42 and to the Commissioners in the amount of $7,556.12 [Doc. Nos. 176, 177].[1]

Tilghman objected to the Clerk's award of costs and moved the Court to review the assessment [Doc. Nos. 178, 179]. The matter was referred to Magistrate Judge Bernard Jones, who recommended that Tilghman's motions be denied. R&R at 6. Judge Jones found that Plaintiff's arguments of economic disparity and a "chilling effect" were non-persuasive, given the evidence, the mandatory nature of Rule 54(d) and applicable precedent. R&R at 2-5. Tilghman timely filed the instant objection.

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation, the Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). The Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). The Court is given broad discretion whether to "accept, reject, or modify" the recommended disposition. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *see also United States v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that §

---

[1] On October 7, 2016, the Tenth Circuit affirmed the Court's Order granting summary judgment to Defendants [Doc. No. 190].

636(b)(1) gives the district court broad discretion in accepting or rejecting the magistrate judge's proposed findings).

## DISCUSSION

Reviewing the motions de novo, the Court agrees with Judge Jones' recommendation that Tilghman's motions should be denied. Under Rule 54(d), "costs – other than attorney's fees – should be allowed to the prevailing party." *Id*. Rule 54(d) creates a presumption that the district court will award the prevailing party costs, and the burden is on the non-prevailing party to overcome this presumption. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). Once the clerk has made its decision regarding taxation of costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was improper." 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2679 at 496 (4th ed. 2014). "It is not necessarily an abuse of discretion for a district court to award costs to a prevailing defendant even if a plaintiff is indigent and the case presents a close question." *Solazzo v. Bynes*, 653 F. App'x 611, 615 (10th Cir. 2016) (unpublished) (citing *Rodriguez*, 360 F.3d at 1190).

Tilghman contends costs should be denied in light of the amount of costs at issue, her indigent status, and the Court's implicit recognition that her claims had merit. Obj. at 6. However, "the denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs

are to be denied.'" *Rodriguez*, 360 F.3d at 1190 (citations omitted). Tilghman offers no evidentiary support for her claim of indigency, and although the financial status of the non-prevailing party is a factor considered by the court in taxing costs, "it is not a controlling factor." *Dyer v. Unified Sch. Dist. No. 500*, 63 F.Supp.3d 1326, 1328 (D. Kan. 2014). Moreover, although the Court did find Kirby's conduct, viewed in the light most favorable to Tilghman, was "offensive," "boorish," and "juvenile," it nonetheless held such conduct did not constitute actionable harassment. *See* Order, Sept. 16, 2014 at 10-12 [Doc. No. 144]. The burden is on Tilghman to show that taxation would be improper in this case, and in the Court's view, she has not offered any persuasive reason why Defendants should be penalized via a denial of costs.[2] The Court, accordingly, finds that the Clerk of the Court properly assessed the costs of the action against Tilghman and her motions should be denied.[3]

---

[2] As Judge Jones noted, Tilghman did not argue that any costs were improperly assessed by the Clerk. R&R at 2, n. 2.

[3] Tilghman also objects to Judge Jones' finding that she waived her alternative argument for a reduction in costs because it was raised for the first time in her reply brief. Obj. at 6-7; R&R at 5, n. 4. The Court finds this objection should be overruled on two grounds. First, Tilghman has not made a substantiated claim of indigency from which to justify a reduction. *See Dyer*, 63 F.Supp.3d at 1329 ("Most circuits hold that a substantiated claim of the losing party's indigency may justify a reduction ... of costs") (citation omitted)). Second, such argument was, at best, raised in a perfunctory manner and does not warrant consideration at this level of review. *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider such issues adverted to in a perfunctory manner,

## CONCLUSION

The Court **AFFIRMS** and **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 186] as set forth herein.

**IT IS SO ORDERED** this 30th day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

unaccompanied by some effort at developed argumentation." (internal quotation marks omitted)).